UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT REICH, JR.,

    Petitioner,

v.                                                    Case No. 2:12-cv-11710
                                                    Honorable Denise Page Hood

LLOYD RAPELJE,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY
HABEAS-CORPUS PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE**

## I. INTRODUCTION

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Michigan prisoner Robert Reich, Jr. ("Petitioner") is incarcerated by the Michigan Department of Corrections, currently housed at the Saginaw Correctional Facility in Freeland, Michigan, where he is serving a sentence of twenty-five to forty years for second-degree murder. Petitioner's conviction occurred on October 9, 2009, following a jury trial in the Circuit Court in Macomb County, Michigan. He was sentenced on November 18, 2009. Petitioner filed this *pro se* Habeas Petition, alleging that he is unconstitutionally incarcerated because there was insufficient evidence to support his conviction, the prosecutor committed misconduct, his trial and appellate counsel were ineffective, and he was denied his right to a fair trial. Respondent has not yet filed an answer to the Petition; the Response is due to be filed on October 12, 2012.

Pending before the Court is Petitioner's "Motion to Stay Proceedings and Hold Petition in Abeyance," filed on September 13, 2012. *See* Pet'r's Mot. to Stay Proceedings

& Hold Pet. in Abeyance, ECF No. 10. In his request, Petitioner asks the Court to stay his habeas proceedings so that he may return to the state courts to exhaust additional, unexhausted claims concerning the effectiveness of both trial and appellate counsel, and the prosecutor's conduct. For the reasons set forth below, the Court grants Petitioner's request and stays his habeas-corpus proceedings.

## II. BACKGROUND

Following his sentencing, Petitioner filed an Appeal of Right with the Michigan Court of Appeals, raising claims concerning the effectiveness of trial counsel, the sufficiency of the evidence, the trial court's failure in denying him his request to conduct DNA testing, and the prosecutor's conduct. On February 24, 2011, the Michigan Court of Appeals affirmed his conviction and sentence. *People v. Reich*, No. 295776, 2011 WL 700529, at *1, 4 (Mich. Ct. App. Feb. 24, 2011). Petitioner attempted to appeal that decision to the Michigan Supreme Court but it was denied due to its untimely submission.

As noted, Petitioner states that, on September 5, 2012, he filed a Motion for Relief from Judgment with the Circuit Court in Macomb County, raising additional, unexhausted claims concerning the effectiveness of his trial and appellate counsel and the prosecutor's conduct. The Motion remains pending. Petitioner is requesting a stay so that the trial court and the state appellate courts can rule on his additional, unexhausted claims. Pet'r's Mot. to Stay Proceedings & Hold Pet. in Abeyance, 3, ECF No. 10.

Petitioner filed this Habeas Petition on April 17, 2012. It was signed and dated April 12, 2012.

## III. DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal-constitutional issues in the state courts before raising those claims in a federal habeas-corpus petition. See 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 1731 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845, 119 S.Ct. at 1732. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas-corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner may file a Motion from Relief from Judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et. seq*. Following the state-court's ruling on Petitioner's Motion for Relief from Judgment, he may then appeal that decision to the state appellate courts as necessary. Therefore, Petitioner's unexhausted claims should first be addressed to, and considered by, the Michigan courts. Petitioner acknowledges

3

that his state-court remedies concerning the additional claims involving the effectiveness of his trial and appellate counsel and the prosecutor's conduct have not been exhausted, because his Motion for Relief from Judgment was just filed with the state trial court.

A federal district court has the authority to abate or dismiss a habeas action pending resolution of state post-conviction proceedings. *Anthony v. Palmer*, No. 10-CV-13312, 2011 WL 1532162, at *1 (E.D. Mich. Apr. 22, 2011) (citing *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998)). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to hold further proceedings on a habeas petition pending exhaustion, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state-court remedies).

Having considered the matter, the Court finds that it is appropriate to stay this case, as requested. A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking habeas relief due to the application of the one-year statute of limitations. *Id.* at 276, 125 S.Ct. at 1534. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in

4

intentionally dilatory litigation tactics. *Id.* at 277, 125 S.Ct. at 1534-35.

In this case, Petitioner has shown the need for a stay. It appears from Petitioner's pleadings that his claims are potentially meritorious, and therefore, those claims should be addressed to, and considered by, the state courts in the first instance, so the state courts will have an opportunity to decide whether those claims have merit. Additionally, the Court recognizes that the one-year limitations period applicable to this habeas action may pose a problem for Petitioner if this Court were to dismiss the Petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1).

### IV. CONCLUSION

Accordingly, the Court **GRANTS** Petitioner's Motion to hold his Habeas Petition in abeyance. Pet'r's Mot. to Stay Proceedings & Hold Pet. in Abeyance, ECF No. 10. These proceedings are **STAYED**. Since Petitioner has already presented his unexhausted claims to the state courts, the stay is conditioned on his return to this Court with a Motion to Reopen and Amend his Habeas Petition, using the same caption and case number, within sixty days of fully exhausting his state-court remedies. *See Palmer*, 276 F.3d at 781. Should Petitioner fail to comply with these conditions, his case may be dismissed.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.

Dated: September 25, 2012    S/Denise Page Hood
                             Denise Page Hood
                             United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2012, by electronic and/or ordinary mail.

                                        <u>S/LaShawn R. Saulsberry</u>
                                        Case Manager